UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DIXIE ELECTRIC MEMBERSHIP CORPORATION | CIVIL ACTION |
| VERSUS | NO. 16-526-BAJ-RLB |
| BAILEY CABLE TV, INC., ET AL. | |

## ORDER

Before the Court is Plaintiff Dixie Electric Membership Corporation's ("DEMCO") Motion for Discovery Sanctions Pursuant to Rule 37 (R. Doc. 28) filed on August 9, 2017. The Court ordered Bailey Cable TV, Inc. ("Bailey Cable") to file a response on an expedited basis. (R. Doc. 29). Bailey Cable filed an Opposition. (R. Doc. 30). DEMCO filed a Reply. (R. Doc. 34). The Court held oral argument. (R. Doc. 33).

### I.  Background

On June 28, 2017, the Court ordered Bailey Cable to respond to DEMCO's Requests for Production without objections, with the exception of any applicable privileges and/or immunities, by July 12, 2017. (R. Doc. 26 at 6).

DEMCO now represents that while it "provided additional time for Bailey [Cable] to produce responses beyond the Court's July 12, 2017," Bailey Cable did not provide responses as of the date of the instant Motion. (R. Doc. 28-1 at 3). DEMCO seeks sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. More specifically, DEMCO requests "that Bailey [Cable] be prohibited from introducing any documents or exhibits of any kind into evidence at the trial of this matter, regardless of whether in support or in opposition to its own or

to any other parties' claims and defenses at issue in this litigation," and that the Court award DEMCO its costs and attorney fees incurred in bringing the Motion. (R. Doc. 28-1 at 3).

On August 22, 2017, Bailey Cable filed its Opposition. (R. Doc. 30). Bailey Cable attached a copy of its Supplemental and Amended Responses to DEMCO's First Set of Discovery, including the outstanding Requests for Production, served on August 22, 2017. (R. Doc. 30-1). Bailey Cable represents that its owner and president, Mr. David Bailey, has been occupied with the care of his wife since the Court's Order. Bailey Cable further represents that Mr. Bailey was "hopeful at the time of the previous filing that her condition was improving enough to allow him to refocus on Bailey Cable business, including this litigation and completion of Bailey Cable's discovery responses in the time frame set by the Court," but his wife's "recovery and related conditions have continued to keep him occupied with her care at home, and prevented his attention to business matters." (R. Doc. 30 at 2).

On August 25, 2017, DEMCO filed a Reply indicating that the production of documents by Bailey Cable remained insufficient. (R. Doc. 34).

The Court held oral argument on August 30, 2017. At oral argument, Bailey Cable requested an additional 20 days to search its records for responsive documents.

## II.  Law and Analysis

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). As requested by DEMCO, sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Instead of or in addition to sanctions permitted under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney

advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court has considered Bailey Cable's representations regarding the continued illness of Mr. Bailey's wife, as well as the fact that Bailey Cable has responded to the discovery requests at issue. Furthermore, the deadline to complete discovery in this action is two months away, and there is no indication in the record that DEMCO will be unduly prejudiced by Bailey Cable's untimely response to the discovery requests at issue. In light of the record and the procedural posture of this action, the Court will not issue sanctions pursuant to Rule 37(b)(2)(A) at this time.

As requested, the Court will provide Bailey Cable with 20 additional days to locate and provide any additional documents within its possession, custody, or control that are responsive DEMCO's requests for production. In addition to supplementing its discovery responses at the end of this 20-day period, Bailey Cable must submit to DEMCO, and file into the record, an affidavit signed by Mr. Bailey indicating the efforts undertaken by Bailey Cable to locate and produce all responsive documents within its possession, custody, or control, and certifying that Bailey Cable has made a good faith effort to locate and produce all responsive documents within its possession, custody, or control.

To the extent Bailey Cable fails to produce all responsive documents within its possession, custody, or control, Bailey Cable will be in violation of (1) the Court's June 28, 2017 Order on DEMCO's Motion to Compel and (2) the instant Order on DEMCO's Motion for Sanctions. Any production of responsive documents after the deadline provided by this Order will subject Bailey Cable to sanctions pursuant to Rule 37(b)(2)(A), including the sanction of

"prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" pursuant to Rule 37(b)(2)(A)(ii).

There is no dispute that Bailey Cable failed to comply with the Court's June 28, 2017 Order. Accordingly, Rule 37(b)(2)(C) requires the Court to issue an award of reasonable fees incurred by DEMCO in bringing the instant Motion for Sanctions. Despite having had the opportunity to do so, Bailey Cable did not seek any appropriate relief from the Court with respect to the June 28, 2017 Order, including seeking an extension of the deadline to provide the responses at issue. Accordingly, the Court finds no basis for concluding that Bailey Cable's failure to comply with the Court's Order was substantially justified or that other circumstances make an award of expenses unjust. While the Court understands that certain personal matters have contributed in part to these circumstances, that illness was part of the reason expenses were not ordered in this Court's resolution of the prior Motion to Compel. Given the record, the Court finds it appropriate to require defendant Bailey Cable to be responsible in full for the award of reasonable expenses with regard to the instant Motion for Sanctions.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that DEMCO's Motion for Discovery Sanctions Pursuant to Rule 37 (R. Doc. 28) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that on or before **September 19, 2017**, Bailey Cable must produce to DEMCO (1) any additional documents within its possession, custody, or control that are responsive DEMCO's requests for production, and (2) an affidavit signed by Mr. Bailey indicating the efforts undertaken by Bailey Cable to locate and produce all responsive documents within its possession, custody, or control, and certifying that Bailey Cable has made a good faith

effort to locate and produce all responsive documents within its possession, custody, or control. Bailey Cable shall also file the foregoing affidavit into the record.

**IT IS FURTHER ORDERED** that DEMCO is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion for Sanctions, and that defendant Bailey Cable shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs, Bailey Cable shall pay that amount;

(2) If the parties do not agree to a resolution, DEMCO shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Bailey Cable shall, within 7 days of the filing of DEMCO's Motion, file any opposition pertaining to the imposition of the amounts requested by DEMCO.

Signed in Baton Rouge, Louisiana, on August 30, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**